In re the Marriage of Steven LeRoy
**DANIELSON, Petitioner, Appellant,**

v.

**Susan Denise DANIELSON (now Susan
Denise Hummel by remarriage),
Respondent.**

No. C5–86–623.

Court of Appeals of Minnesota.

Sept. 23, 1986.

Robert J. Hajek, Katz, Lange, Davis & Manka, Minneapolis, for appellant.

Ronald R. Frauenshuh, Jr., Ortonville, for respondent.

Heard, considered and decided by FORSBERG, P.J., and FOLEY and LANSING, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order modifying child support and visitation provisions of a dissolution decree and allowing respondent to remove the children from the state. Appellant does not contest the removal order. We affirm in part, reverse in part, and remand for further findings.

## FACTS

Appellant Steven and respondent Susan Danielson (now Hummel) were married in 1978. There are two children of the marriage, Denise and Mindy, ages 7 and 5 respectively at the time of the hearing. The marriage was dissolved in April, 1982.

The judgment and decree provided that Susan would have custody. Steven was allowed visitation of one day per week, to be increased after six months to every other weekend, plus alternating holidays, on certain conditions. Steven was ordered to pay $200 per month child support.

In the summer of 1985, Susan and her new husband moved to Montana, where she obtained part-time employment. She brought a motion for an order allowing her to remove the children.

Steven did not contest the removal of the children. He moved for an order allowing him visitation of four weeks in the summer, and one week at Christmas and at Easter. He also sought an offset against child support for the cost of transporting the children to Minnesota for visitation.

In a responding motion, Susan proposed visitation of two weeks the first two summers, three weeks the following two years, and four weeks thereafter. She sought an increase in child support, submitting a list of monthly living expenses for herself and the children, and reporting her net income and that of her new husband. At the hearing, she testified that the youngest child required expensive orthodontic work.

Steven had changed jobs during 1985, with one month's unemployment between jobs. He testified as to his current hourly wage, and estimated his net income at $900 per month. His current pay stub was submitted but not received into evidence. His 1985 W–2 forms were submitted after the hearing, along with his present wife's W–2 form and an affidavit of expenses.

The trial court found that Steven's net monthly income was $900, and ordered support increased to $270 per month based on the statutory guidelines. The court also ordered summer visitation of 2 weeks in 1986, 3 weeks in 1987, and 4 weeks in 1988 and subsequent years. Steven was allowed visitation in Montana on reasonable notice, and a right to notice of the children's visits to Minnesota with 24 hours' visitation during each visit. The court ordered the parties to alternate payment of the costs of transportation for summer visitation.

## ISSUES

1. Did the trial court err in increasing appellant's child support obligation to the guidelines amount?

2. Did the court err in denying appellant an offset for visitation costs?

3. Did the court abuse its discretion in its visitation order?

## ANALYSIS

*1. Child support*

▌ The trial court increased support from $200 to $270 per month, which it considered the guidelines amount, "because of changes in circumstances." The court made no finding as to Steven's income at the time of the dissolution, nor did it find a substantial change of circumstances making the terms of the decree unreasonable

and unfair. Minn.Stat. § 518.64, subd. 2 .(1984).

The trial court's findings do not meet the standards of *Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986). The court should have made findings on the statutory factors bearing on support even though it applied the statutory guidelines. *Id.* at 863. The trial court also failed to find a substantial change in circumstances. *See Hadrava v. Hadrava,* 357 N.W.2d 376 (Minn.Ct.App.1984).

On remand, the trial court should redetermine Steven's net monthly income from his current employment. Steven's estimate of $900 per month does not agree with the 1985 tax forms submitted after the hearing. Those W–2 forms show Steven earning 1985 wages from his *previous* employer that represented, based on his 1984 records, at least 3 months' employment. Given Steven's own testimony that he was unemployed for one month, this left 8 months for him to earn the wages reported by his *current* employer. His current net monthly income, therefore, was considerably greater than the estimated $900. On remand, Steven's current pay stub should be considered in calculating his present net monthly income.

### 2. Costs of visitation

Steven contends the court erred in not allowing him an offset or credit against child support for the costs of transporting the children to Minnesota for visitation. The trial court split the costs of transportation between Steven and Susan.

▪ Upon granting a motion to remove a child, the trial court may adjust child support "to spread the cost of visitation in an equitable manner." *Auge v. Auge,* 334 N.W.2d 393, 400 (Minn.1983). Whether to make such an adjustment is within the trial court's discretion. *Stewart v. Stewart,* 373 N.W.2d 856, 858 (Minn.Ct. App.1985). In *Stewart,* this court affirmed a denial of adjustment in child support although the father alone was paying the costs. Here the trial court spread the costs

between the parents; therefore, it was not an abuse of discretion to deny the offset.

### 3. Visitation

The modification statute provides as follows:

The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child, but the court shall not restrict a parent's visitation rights unless it finds that the visitation is likely to endanger the child's physical or emotional health or impair his emotional development.

Minn.Stat. § 518.175, subd. 5 (1984). Appellant argues that the trial court's order restricts his visitation rights without the required showing of endangerment.

▪ Removal of a child to another jurisdiction necessarily requires a modification of the terms of visitation. The supreme court stated in *Auge v. Auge,* 334 N.W.2d at 400:

When removal is permitted, the court shall make such modifications of visitation as are reasonable and necessary to maintain a good relationship between the noncustodial parent and child, * *' * *.

Such a modification, therefore, even though it results in a reduction of total visitation time, is not necessarily a "restriction" of visitation.

This court in another removal case found that four reductions in visitation, three following the relocation, constituted a restriction of visitation. *Clark v. Clark,* 346 N.W.2d 383, 385–86 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Oct. 30, 1984). The trial court in *Clark* had substantially reduced visitation, from 14 to 5½ weeks per year, allowing a "slow erosion" of visitation rights long after the relocation. *Id.* The visitation order here was not a "restriction" of visitation.

▪ The purpose of visitation is to maintain the parent-child relationship. *Clark v. Clark,* 346 N.W.2d at 385. The extended summer visitation ordered, along with the other opportunities for visitation provided,

is reasonable and adequate to maintain that relationship.

## DECISION

The trial court erred in modifying child support without making findings on the statutory factors involved. The court did not abuse its discretion in denying an offset for visitation costs, or in modifying visitation.

Affirmed in part, reversed in part and remanded.