**In re the Marriage of Brent E. DAHL, petitioner, Respondent,**

v.

**Laurie A. DAHL, Appellant.**

**No. A08–0580.**

Court of Appeals of Minnesota.

May 12, 2009.

Brent E. Dahl, Albert Lea, MN, *pro se* respondent.

Catherine Brown Furness, Catherine Brown Furness Law Office, Owatonna, MN, for appellant.

Considered and decided by KALITOWSKI, Presiding Judge; LANSING, Judge; and SCHELLHAS, Judge.

## OPINION

SCHELLHAS, Judge.

Appellant challenges a district court order that modifies parenting time, arguing that the district court: (1) improperly restricted parenting time without required findings; (2) failed to apply the statutory presumption that a parent is entitled to 25% of parenting time under Minn.Stat. § 518.175, subd. 1(e); and (3) failed to apply Minn.Stat. § 518.175, subd. 1(c), which addresses specific holiday and vacation parenting time.

## FACTS

Appellant Laurie A. Dahl (mother) and respondent Brent E. Dahl (father) were married in 2001, and have two minor children, E.D., born February 22, 2001, and A.D., born September 6, 2002. Mother also has a child from a prior relationship, C.S., born May 12, 1994. Father commenced this dissolution action in 2005. The parties' separation and dissolution were highly contentious. The district court granted mother and all three of her minor children an order for protection (OFP) against father and granted mother a harassment restraining order (HRO) against father's mother. Father, his mother, and her boyfriend also commenced a separate action seeking visitation with C.S. While the dissolution action was pending, mother sought the district court's permission to move to Florida with the children to accept a teaching position, arguing that she could not find work in the Albert Lea area, where the parties lived during the marriage. The district court denied the motion.

Despite the contentious proceedings, the parties resolved their marriage dissolution through a marital termination agreement (MTA), and a dissolution judgment was entered on April 27, 2006. The district court granted sole physical custody of the parties' two minor children to father, joint legal custody to the parties, and parenting time to mother. The judgment reflects the parties' contemplation that mother planned to move to Arizona to accept employment. The parenting time granted to mother included, "at a minimum ... alternating [one] week during Christmas break on even years and [one] week during spring break on odd years," and "an extended summer visit, as mutually agreed to by the parties." Pursuant to the parties' MTA, the parties were to share transportation costs. Mother agreed to dismissal of her OFP and HRO.

In November 2006, mother moved the district court for parenting-time assistance, seeking compensatory parenting time for parenting time wrongly denied, court fees and costs, and a civil penalty. Mother alleged that father denied her the

Christmas and extended summer parenting time granted to her in the dissolution judgment. In addition to compensatory parenting time, mother sought 25% of parenting time. Father moved the court to deny mother's motion for compensatory parenting time and to order that mother's parenting time be supervised. He alleged that he had attempted to arrange for mother's parenting time in Minnesota and that she refused to return. Mother did, however, subsequently move back to Minnesota.

After a hearing on November 22, 2006, the district court ruled that father was entitled to an evidentiary hearing on his motion for supervised parenting time, scheduled a contested hearing on the parties' motions, and ordered reappointment of the children's guardian ad litem, who had served before mother's move to Arizona. The court denied father's request for a temporary order requiring mother's parenting time to be supervised, stating that the request would be reconsidered at the contested hearing. But the district court did temporarily restrict the location of mother's parenting time to Albert Lea.

At the contested hearing, the parties reached an agreement. The district court issued an order on May 3, 2007, referring to mother's motion for compensatory parenting time and both parties' motions for modification of parenting time and stating that the parties agreed to resolve "all matters currently pending," and that their agreement was entered into the record. The order provided that until a review hearing scheduled for July 25, 2007, and unless increased by the children's guardian ad litem, mother would have unsupervised parenting time every Wednesday from 4:00 p.m. to 7:00 p.m., and, beginning April 28, 2007, every other Saturday from 10:00 a.m. to 2:00 p.m., and every other Sunday from 11:30 a.m. to 4:30 p.m. The order restricts the location of mother's parenting time to Freeborn County or Mower County in Minnesota. In its order, the court requested that the guardian ad litem file an updated report before the review hearing and stated that the review hearing would be "on issues regarding parenting time."

Two days before the review hearing, mother filed a document entitled "point of law" in which she argued that the district court had made no finding that mother's parenting time endangered the children and that such a finding was required to restrict parenting time. Mother argued that she should be granted reasonable parenting time commensurate with the dissolution judgment but under a modified schedule. At the July 25, 2007 review hearing, the court ruled that mother was entitled to an evidentiary hearing on her request for reasonable parenting time. Father, who appeared pro se, opposed mother's request for reasonable parenting time and orally renewed his request that mother's parenting time be supervised. The district court indicated that father may need to renew his request in a more formal manner. After the review hearing, father's counsel filed a memorandum arguing that an evidentiary hearing should not occur and that mother was seeking modification of the court's May 2007 order, not the parenting time granted in the dissolution judgment.

The district court held an evidentiary hearing on October 3 and 8, 2007, December 14 and 19, 2007, and January 15, 2008. At the commencement of the hearing, the parties disputed whether the dissolution judgment or the May 2007 order constituted the baseline parenting-time schedule for purposes of a modification and which party had the burden of proof. Mother's counsel asserted that father had the burden of proof and that the parenting time

granted to mother in the dissolution judgment could not be restricted without proof of endangerment. Father's counsel argued that mother had moved to modify her parenting time granted in the district court's May 2007 order and that she had the burden of proof. The court initially ruled that the May 2007 order was the last order and that mother had the burden of proof, but then stated it was taking the matter under advisement and would review the parties' memoranda on the issue. The district court then ruled that while the matter was under advisement, the parties would proceed with the burden of proof resting on mother. Later, the court determined the standard that would be applied to the proceeding, explaining:

> [T]he way I'm going to approach this is I'm going to approach the visitation order on the best interests standard. I'm simply going to say that it needs to be reconsidered and revisited and I'm not going to have a burden of endangerment or anything like that. I'm going to try to make a decision that's in the best interests of the children.

The court elaborated further:

> I think the goal in a visitation case is to try to get it back to what it originally was in the original divorce, which was reasonable visitation, and that may or may not be possible, but that's always the goal to get back to that standard. And the question is, can we get there or not, and that's the kind of thing I'm going to be looking at but I need to do what's best for the children. If I need to protect the children and limit the visitation or parenting time then I'm going to. So that's kind of how I'm approaching this.

Throughout the hearing, the parties continued to dispute which order provided the baseline parenting-time schedule, with mother arguing that the baseline order was the dissolution judgment and father arguing that it was the May 2007 order, and the district court failed to resolve these disputes. At the conclusion of the evidentiary hearing, the parties also disputed which statute applied to the issue of mother's parenting time: Minn.Stat. § 518.18 (2008), which addresses changes of custody and parenting plans; or Minn. Stat. § 518.175 (2008), which in part addresses modification of parenting time.

Without resolving whether the dissolution judgment or the May 2007 order established the baseline parenting-time schedule or the dispute about which statute applied, the district court changed mother's parenting time in a February 12, 2008 order. The order states: (1) the matter was "before the Court upon a request by Laurie Dahl for a hearing on parenting time"; (2) "the most recent stipulated custody order" was dated May 3, 2007; and (3) "the parenting time schedules set forth in the dissolution dated April 26, 2006; and the orders dated May 3, 2007 and October 29, 2007 [1] are modified as follows." The court also set forth a new parenting-time schedule, granting mother unsupervised parenting time from 9:00 a.m. to 8:00 p.m. three Saturdays per month, restricted in location to Minnesota. The court also granted mother parenting time from 9:00 a.m. to 8:00 p.m. on December 24 or 25 each year. This appeal follows.

## ISSUES

I. Did the district court abuse its discretion by restricting mother's parenting time without making required findings?

---

1. A temporary modification of parenting time was ordered on October 29, 2007.

II. Did the district court abuse its discretion by not awarding mother 25% of parenting time without addressing the rebuttable presumption in Minn.Stat. § 518.175, subd. 1(e), that a parent is entitled to 25% of parenting time?

III. Did the district court abuse its discretion by not granting mother vacation parenting time and additional holiday parenting time?

## ANALYSIS

### I. Restriction of Parenting Time

■■■ Mother first argues that the district court abused its discretion by restricting her parenting time without making required findings. The district court has broad discretion in determining parenting-time issues and will not be reversed absent an abuse of that discretion. *Olson v. Olson*, 534 N.W.2d 547, 550 (Minn.1995). A district court abuses its discretion if its findings are unsupported by the record or if it misapplies the law. *Pikula v. Pikula*, 374 N.W.2d 705, 710 (Minn.1985). A district court's findings of fact underlying a parenting-time decision will be upheld unless they are clearly erroneous. *Griffin v. Van Griffin*, 267 N.W.2d 733, 735 (Minn. 1978).

Mother is correct that findings are required for a restriction of parenting time. Under Minn.Stat. § 518.175, subd. 5 (2008), a district court "may not restrict parenting time unless it finds that: (1) parenting time is likely to endanger the child's physical or emotional health or impair the child's emotional development; or (2) the parent has chronically and unreasonably failed to comply with court-ordered parenting time." Mother is also correct that the district court did not find that her parenting time is likely to endanger the children or that mother chronically and unreasonably failed to comply with court-ordered parenting time.

The difficult question here is whether the district court's change to mother's parenting-time schedule, contained in its February 2008 order, constitutes a restriction of parenting time under section 518.175, subd. 5, or merely a modification. If a change in parenting time constitutes a restriction of parenting time, as opposed to a modification, then particular findings are required. Minn.Stat. § 518.175, subd. 5 (allowing modification when it is in a child's best interests but requiring particular findings for a restriction). To answer that question, we must first identify the order that establishes the baseline parenting-time schedule and then determine whether the district court's parenting-time change from the baseline parenting-time schedule is significant enough to constitute a restriction.

■■■ We conclude that the parties' baseline parenting-time schedule is found in the dissolution judgment—the last permanent and final order setting parenting time—because the district court's May 2007 order reflects only a short-term change in parenting time, not a permanent change to the dissolution judgment. Next, we must determine whether the change in the parenting-time schedule in the court's February 2008 order is significant enough to constitute a restriction under section 518.175. Determining the legal standard applicable to a change in parenting time is a question of law and is subject to de novo review. *Anderson v. Archer*, 510 N.W.2d 1, 4 (Minn.App.1993). A change in parenting time that reduces the amount of time a parent has with a child is not necessarily a restriction of parenting time. *Danielson v. Danielson*, 393 N.W.2d 405, 407 (Minn. App.1986). A restriction occurs when a change to parenting time is "substantial." *Matson v. Matson*, 638 N.W.2d 462, 468

(Minn.App.2002). Modifications are "less substantial changes" in parenting time. *Lutzi v. Lutzi*, 485 N.W.2d 311, 315 (Minn. App.1992).

■ To determine whether a reduction in parenting time constitutes a restriction or modification, the court should consider the reasons for the change as well as the amount of the reduction. *Danielson*, 393 N.W.2d at 407. This court has previously concluded that a substantial change existed where there was a slow erosion of parenting-time from 14 weeks per year to 5½ weeks per year. *Clark v. Clark*, 346 N.W.2d 383, 385–86 (Minn.App.1984), *review denied* (Minn. June 12, 1984). In contrast, this court has also concluded a change was insubstantial where it was caused by a move to a different state and where the parents were left with nearly equal parenting time after the change. *Anderson*, 510 N.W.2d at 5.

■ Here, under the dissolution judgment, mother would enjoy parenting time for an uninterrupted week over Christmas or spring break each year and "an extended summer visit" of undefined duration. The February 2008 order grants mother parenting time for only 11 hours on three Saturdays per month with an additional 11-hour visit on either Christmas Eve or Christmas Day, all limited to Minnesota. Here, based on the large disparity between the parenting time granted in the dissolution judgment and that granted in the February 2008 order, we conclude that the change is substantial and constitutes a restriction of parenting time, regardless of the reason for the restriction of parenting time. The change therefore is governed by Minn.Stat. § 518.175, subd. 5.

Because section 518.175, subdivision 5, applies to the change in parenting time in this case, we reverse and remand for findings determining whether mother's parenting time endangers the children or whether mother has chronically and unreasonably failed to comply with court-ordered parenting time. *See* Minn.Stat. § 518.175, subd. 5 (requiring these findings before a court may order a restriction of parenting time).

## II. Rebuttable Presumption of 25% of Parenting Time

■ Mother also argues that: (1) there is a rebuttable presumption that each party is entitled to 25% of the parenting time; (2) the district did not award her 25% of the parenting time; and (3) the district court did not make findings addressing the presumption.

Under Minn.Stat. § 518.175, subd. 1(e), "[i]n the absence of other evidence, there is a rebuttable presumption that a parent is entitled to receive at least 25 percent of the parenting time for the child." There are no appellate decisions interpreting or applying subdivision 1(e) and thus no precedent deciding whether subdivision 1(e) applies to motions to modify parenting time. But this court has applied section 518.175, subdivision 1(a), to a modification motion in situations where parenting time is at issue. *See In Re Welfare of B.K.P.*, 662 N.W.2d 913, 916 (Minn.App.2003) (remanding for application of Minn.Stat. § 518.175, subd. 1(a), to a modification motion). Like section 518.175, subdivision 1(a), we conclude that section 518.175, subdivision 1(e), applies to motions for parenting-time modification and should have been applied to mother's modification motion for 25% of the parenting time. We therefore remand for application of subdivision 1(e).

## III. Vacation and Holiday Parenting Time

■ Mother also argues that the district court erred by not awarding her

specific holiday parenting time and extended parenting time during the children's summer vacation under Minn.Stat. § 518.175, subd. 1(c). Under Minn.Stat. § 518.175, subd. 1(c), "[u]pon request of either party, to the extent practicable an order for parenting time must include a specific schedule for parenting time, including the frequency and duration of visitation and visitation during holidays and vacations, unless parenting time is restricted, denied, or reserved." Like subdivisions 1(a) and 1(e), we conclude that subdivision 1(c) applies to a motion for parenting-time modification. *See B.K.P.*, 662 N.W.2d at 913 (remanding for application of Minn.Stat. § 518.175, subd. 1(a), to a modification motion). On remand, the district court must also address subdivision 1(c).

## DECISION

The district court restricted mother's parenting time without making the required findings. We therefore reverse and remand for additional findings. On remand, the district court must address father's motion for parenting-time modification under Minn.Stat. § 518.175, subd. 5, and mother's motions for 25% of the parenting time under Minn.Stat. § 518.175, subd. 1(e) and holiday and vacation parenting time under Minn.Stat. § 518.175, subd. 1(c).

**Reversed and remanded.**