**In re the Matter of Amy Sue HAGEN, petitioner, Respondent,**

v.

**Daniel John SCHIRMERS, Appellant.**

**No. A09–743.**

Court of Appeals of Minnesota.

June 8, 2010.

---

Lori L. Athmann, Rajkowski Hansmeier Ltd., St. Cloud, MN, for respondent.

John E. Mack, Mack & Daby, P.A., New London, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; MINGE, Judge; and WRIGHT, Judge.

## OPINION

MINGE, Judge.

In this child-relocation dispute, appellant-father argues that the district court abused its discretion by (1) misapplying the statutory factors for allowing the custodial parent to relocate to another state with the child; and (2) reducing father's parenting time below the statutory 25% presumption. We affirm on the relocation issue but reverse and remand the determination of parenting time.

## FACTS

T.R.H. was born in April 2004 and was four years old at the time of the district court decision on review. Appellant Daniel Schirmers is the father. Respondent Amy Hagen is the mother. The parties never married. Mother is engaged to Steve Casazza, a resident of California.

In 2005, the parties entered into a stipulation establishing paternity, custody, and parenting time. The resulting order granted sole physical custody to mother and joint legal custody to both parents. Father's parenting time schedule was structured and graduated. From the child's third birthday until her fifth birthday in 2009, father had parenting time of two hours for two days per week and 24 hours every other weekend from Saturday morning to Sunday morning. After that, father's parenting time was set to increase to every other weekend for 48 hours and one day per week for four hours; extended summer parenting time was to be considered at a later time. In January 2008, the parties agreed to the appointment of a third-party expediter to resolve disputes over parenting time.

In November 2008, mother petitioned to relocate with the child to California in order to marry Casazza. She requested and received a transfer to her employer's Los Angeles office. An evidentiary hearing was held; father, father's wife, mother, Casazza, and one of mother's brothers testified. The expediter testified by deposition. Mother submitted a parenting-time schedule that called for father to have 32 days of parenting time per year. Father requested all summer-vacation time, alternating school breaks, and half-time during his own visits to California.

The district court granted mother's petition and followed mother's parenting-time proposal. This appeal followed.

## ISSUES

1. Did the district court abuse its discretion in allowing mother to remove the child to another state?

2. Did the district court abuse its discretion in granting father parenting time that is less than the 25% presumed amount under Minn.Stat. § 518.175, subd. 1(e)?

## ANALYSIS

This dispute concerns allocation of parenting time, formerly known as visitation, *see* 2000 Minn. Laws ch. 444, art. 1, §§ 1–8 (changing visitation provisions to parenting-time provisions). Although the parties never married, paternity was established and acknowledged. Thus, the court looks to marriage-dissolution statutes, sections 518.17 and 518.175, to decide custody, child support, and parenting time. Minn.Stat. § 257.541, subd. 2(a) (2008). Father complains that the district court erred by misapplying (1) the statutory standard permitting the child's removal by the custodial parent to another state, Minn.Stat. § 518.175, subd. 3; and (2) the statutory presumption that each parent receives 25% of parenting time, *id.*, subd. 1(e).

▆▆▆▆ District courts have broad discretion in deciding parenting-time questions. *Olson v. Olson*, 534 N.W.2d 547, 550 (Minn.1995). A district court abuses that discretion by making findings unsupported by the evidence or improperly applying the law. *Pikula v. Pikula*, 374 N.W.2d 705, 710 (Minn.1985). Fact findings are reviewed for clear error. *Id.* The appellate court defers to and does not reassess the district court's credibility determinations. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn.1988).

## I.

▆▆▆▆ The first issue is whether the district court abused its discretion in approving the move to California. The parenting-time law provides that if the non-custodial parent has parenting time by court decree, a parent with whom the child resides cannot move the child's residence to another state without the con-

sent of the other parent or court approval. Minn.Stat. § 518.175, subd. 3(a). The statute provides courts two key points of guidance: first, it directs denial if "the purpose of the move is to interfere with" the other parent's parenting time, and second, it imposes a "best interest" standard on the ultimate determination. *Id.*, subds. (a), (b). That standard includes several factors: (1) the child's relationship with the parents and others; (2) the child's development and needs; (3) the feasibility of preserving the child's relationship with the nonrelocating parent; (4) the child's preference; (5) whether there is a pattern by the relocating parent to promote or thwart the child's relationship with the other parent; (6) whether relocation will enhance the child and the relocating parent's quality of life; (7) each parent's reasons for opposing or supporting relocation; and (8) the safety and welfare of the child or relocating parent relating to domestic abuse. *Id.*, subd. 3(b). Finally, the statute places the burden of proof on the parent petitioning to relocate.[1] *Id.*, subd. (c). Each factor is discussed in turn:

### *(1) Child's relationship with parents and other significant persons*

The district court found that mother has been the primary caretaker and had the "most significant presence" in the child's life and that father's role, while important, has not been as significant by comparison. The district court also found that the child has significant relationships with family and other friends in California, including cousins and soon-to-be step-siblings. There is ample evidence to sustain these findings. For most of the child's life, fa-

---

**1.** The statute, as amended in 2006, reverses the former presumption favoring relocation. 2008 Minn. Laws ch. 280, § 13. If the moving parent has been the victim of domestic abuse by the other parent, the burden of proof is on the parent opposing relocation. Minn. Stat. § 518.175, subd. 3(c).

ther's contact has been two afternoons per week and 24 hours every two weeks.

### (2) Age, developmental stage, and needs of the child

The district court found the child was well adjusted and would "not be hindered in her development by a move" to California. Again, the record contains ample evidence supporting this finding. Father objects, emphasizing that the expediter testified that the move would be "traumatic" for the child. Because the expediter admitted that she had neither met the child nor had any personal knowledge of her needs, the district court did not abuse its discretion in disregarding this testimony.

### (3) Feasibility of preserving the child's relationship with nonrelocating parent

Based on the record and testimony from the expediter, the district court found that mother would help maintain father's relationship with the child. The record indicates that the parties have had a difficult time agreeing on parenting-time matters and that there is little to support the expectation that mother will endeavor to promote visits with father. The district court, however, noted that the child will continue to see father during scheduled parenting time in Minnesota,[2] that the child is accustomed to interstate travel, that mother can accompany the child to Minnesota and temporarily work from her employer's St. Cloud office, that the parties have the resources to pay for such travel, and that the child, although young, has a knack for maintaining long-distance relationships. These facts support the district court's

finding that it is feasible for the child to maintain a relationship with father.

■ Even recognizing that the child's relationship with father is diminished by such a cross-country move, one negative factor does not require rejection of a relocation. The statute and caselaw make clear that the ultimate issue is the child's best interests as assessed under the totality of the considered factors. *See* Minn. Stat. § 518.175, subd. 3(b) (describing best-interests test); *Clark v. Clark,* 346 N.W.2d 383, 385 (Minn.App.1984) ("It is well established that the ultimate question in all disputes over [parenting time] is what is in the best interest of the child."), *review denied* (Minn. June 12, 1984).

### (4) Child's preferences

The district court found the child lacked the age and maturity to competently express a preference for or against relocation. Father admits this finding "is supportable."

### (5) Pattern by relocating parent to promote/thwart child's relationship with other parent

Father testified that mother obstructed parenting time under the 2005 order. Mother and the expediter both testified that mother had not violated the 2005 order. Whether there has been a pattern of bad faith by mother to thwart father's relationship with the child is a fact dispute. Although the record does not provide much evidence to expect that mother will voluntarily facilitate father's informal communications with the child, there is record support for the district court's determination that mother has not exhibited a pattern of bad faith. The district court

---

2. Whether the amount of awarded parenting time satisfies Minn.Stat. § 518.175, subd. 1(e), is a matter that is addressed in section two. The question at this stage of our analy-

sis is whether the parenting time awarded is sufficient to maintain a relationship for purposes of Minn.Stat. § 518.175, subd. 3(b)(3).

determined that mother "only rescheduled parenting time on a handful of occasions and has done so pursuant to the parties' agreement" and "rearrange[d] her schedule to accommodate [father's] requests to modify parenting time." On a mixed record, we conclude that the district court's finding regarding this factor was not an abuse of discretion.

*(6) Effect on child's quality of life*

The district court determined that the child's quality of life would likely improve in California because mother could marry Casazza and family income would increase. This finding is supportable by testimony and exhibits. Father concedes that this factor could be determined for either party.

*(7) Parents' reasons for opposing/supporting relocation*

The district court found the reason for the move was to marry Casazza. This finding is not challenged as a basis favoring relocation.

*(8) Safety/welfare of child or relocating parent*

The district court and both parties agree there are no safety issues caused by relocating or not relocating. It is evident that, despite their disputes, both parties are loving and concerned parents.

■ In sum, the district court analyzed each factor and there is reasonable support for its findings. The law "leaves scant if any room for an appellate court to question the [district] court's balancing of best-interests considerations." *Vangsness v. Vangsness*, 607 N.W.2d 468, 477 (Minn. App.2000). According this deference, we conclude that the district court did not abuse its discretion in allowing mother to relocate the child to California.

## II.

■ The next issue is whether the district court abused its discretion by not following the statutory 25%-parenting-time presumption. The statute provides "a rebuttable presumption that a parent is entitled to receive at least 25 percent of the parenting time for the child." Minn.Stat. § 518.175, subd. 1(e). Father argues the district court reduced his parenting time in contravention of subdivision 1(e).

This court briefly addressed subdivision 1(e) in *Dahl v. Dahl*, 765 N.W.2d 118 (Minn.App.2009). In *Dahl*, both parents filed motions seeking parenting-time modifications. *Id.* at 120–21. The mother filed a motion requesting 25% parenting time and the district court only granted around five percent. *Id.* at 122. The mother claimed the court erred by "not mak[ing] findings addressing the presumption." *Id.* at 124. This court remanded for "application of subdivision 1(e)." *Id.*

*Dahl* directs district courts to demonstrate an awareness and application of the 25% presumption when the issue is appropriately raised and the court awards less than 25% parenting time. This is consistent with similar basic determinations in marriage-dissolution litigation: the district court must identify both its decision (e.g., spousal maintenance, child support, parenting time) as well as the underlying reason(s) for that decision (i.e., findings showing why the amount of maintenance, child support or parenting time is appropriate in the particular case). *See, e.g., Stich v. Stich*, 435 N.W.2d 52, 53 (Minn.1989) (stating, in spousal-maintenance context, that "[e]ffective appellate review of the exercise of [the district court's] discretion is possible only when the [district] court has issued sufficiently detailed findings of fact to demonstrate its consideration [of all relevant factors]"); *Wallin v. Wallin*, 290

Minn. 261, 267, 187 N.W.2d 627, 631 (1971) (stating that, given the district court's broad discretion in family cases, it is especially important that the basis for its decision be set forth with a high degree of particularity).

Minnesota Statute Section 518.175, subdivision 1(e), is a legislatively imposed benchmark for parenting time. As such, the provision would be stripped of its purpose if appellate courts could, after the fact, calculate parenting time in a light most favorable to the decision and supply findings as a basis to conclude that the presumption, if considered, would have been overcome. *See Moylan v. Moylan,* 384 N.W.2d 859, 865 (Minn.1986) (stating, in child-support context, that "[w]hile the record may support a trial court's decision, it is nevertheless inadequate if that record fails to reveal that the trial court actually considered the appropriate factors"). Here, the record does not indicate the district court considered the 25% presumption. The failure to consider the issue is error. Therefore, we hold, as this court did in *Dahl,* that the district court erred by not considering or addressing subdivision 1(e).

 By imposing the duty to consider the presumption, we note that the statute does not restrict the bases for reducing parenting time. The district court has broad discretion in deciding this issue. *Simmons v. Simmons,* 486 N.W.2d 788, 792 (Minn.App.1992). Although a "restriction" requires a finding of endangerment or noncompliance with court orders, Minn.

Stat. § 518.175, subd. 5,[3] parenting-time allocations that merely fall below the 25% presumption can be justified by reasons related to the child's best interests and considerations of what is feasible given the circumstances of the parties. *See Clark,* 346 N.W.2d at 385 ("It is well established that the ultimate question in all disputes over [parenting time] is what is in the best interest of the child."). Subdivision 1(e) establishes a presumption. An evidentiary presumption can be overcome when the district court finds that "sufficient evidence ... justif[ies] a finding ... contrary to the assumed fact." Minn. R. Evid. 301 cmt.

Here, the district court's order allotted parenting time with father for only 32 days, which is less than 10% of the year and well below the statutory presumption. We recognize that under the previous order father had only two two-hour blocks of parenting time each week and one full day every other week. Although this may be a factor in addressing the presumption, the statute does not exempt application of the presumption in cases where parenting time was already below the presumptive mark. Minn.Stat. § 518.175, subd. 1(e).

Another consideration is relevant to our conclusion. The parties' stipulation in 2005 and the resulting district court order implementing that stipulation provided that at certain ages, father's parenting time was to increase. Thus, in 2009, when the child reached the age of five, father was slated to have 48 hours of parenting time every other weekend—a doubling of

---

3. A court order that lessens one parent's parenting time is not necessarily a "restriction" of parenting time under Minn.Stat. § 518.175, subd. 5. *Danielson v. Danielson,* 393 N.W.2d 405, 407 (Minn.App.1986). A restriction is a "more substantial reduction" or "greater alteration" of parenting-time rights. *See Lutzi v. Lutzi,* 485 N.W.2d 311, 315 (Minn.App.1992) (stating that, under sub-division 5, the best-interest standard governs modifications except in cases of "more substantial reductions of visitation," and that a restriction involves "greater alteration of visitation rights"). In part III of this opinion, we address mother's motion to strike father's argument relating to this provision in his reply brief.

such weekend time. The district court's order not only was below 25%, but also failed to address the party's agreement and that stipulated order.

■ Because the district court was alerted that mother's parenting-time schedule would violate subdivision 1(e)[4] and did not address the presumption, we remand for the district court to (1) determine parenting-time with due regard for the rebuttable presumption that father receive 25% parenting time; (2) determine parenting-time percentages; (3) make findings supporting its determinations; and (4) state the basis for departing from the statutory presumption and the prior parenting-time order in this case, if applicable. We reiterate that the statute gives district courts flexibility in weighing the evidence and the presumption.

■ Lastly, we note that the district court made findings that father would be able to continue a relationship with the child through electronic communication. We acknowledge that the ubiquity of electronic-communication systems and the emergence of video-call programs such as Skype™ enhance the ability to maintain long-distance relationships. But we accept that premise with caution. First, we note that electronic communication is not parenting time and does not count towards the 25% presumption. Second, we observe that where such communications are recognized as a way to alleviate parent-child separation caused by out-of-state removal, some provision for such communication should be an enforceable element of the order.

## III.

■ The final issue is mother's pending motion before this court to strike

those portions of father's reply brief arguing that the district court's order amounted to a restriction of his parenting time under Minn.Stat. § 518.175, subd. 5, which would require an endangerment finding. Because this aspect of the parenting-time issue was never argued to the district court or sufficiently raised in father's principal brief to us, we consider the issue waived and grant mother's motion to strike portions relating to the "restriction" argument. *Thiele*, 425 N.W.2d at 582 (declining to hear matters raised for first time on appeal); *McIntire v. State*, 458 N.W.2d 714, 717 n. 2 (Minn.App.1990) (declining to address issues first argued in reply brief), *review denied* (Minn. Sept. 28, 1990). Even if the argument were properly before us, we note that reasonable modifications in parenting time caused by a good-faith removal to another state are not usually "restrictions" for purposes of Minn. Stat. § 518.175, subd. 5. *See Danielson*, 393 N.W.2d at 407 (removal to another state necessarily requires reduction in visitation/parenting time and therefore reasonable reductions contingent on removal are not "restrictions"); *but see Clark*, 346 N.W.2d at 385–86 (gradual reduction of yearly visitation/parenting time from 14 weeks to 5 1/2 weeks following removal of child from Minnesota constituted "restriction"). We also note that proper review of this issue by this court would require a record and that there is neither a record nor a district court determination for us to review.

## DECISION

We affirm the district court's decision to allow respondent-mother to move to Cali-

---

4. Mother's counsel stated at oral argument to this court that the matter was brought to the attention of the district court. This is important because we do not consider matters not argued to and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988).

fornia with the child, but we remand with instructions for the district court to determine parenting time consistent with section II of this opinion. We also grant mother's motion to strike portions of father's reply brief.

**Affirmed in part, reversed in part, and remanded; motion granted.**