*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2182**

In re the Marriage of:
Christine Lynn Sypnieski,
f/k/a Christine Lynn Holtz, petitioner,
Respondent,

vs.

Kevin Douglas Holtz,
Appellant.

**Filed July 27, 2015
Affirmed
Kirk, Judge**

Crow Wing County District Court
File No. 18-FA-11-913

Edward R. Shaw, Brainerd, Minnesota (for respondent)

Thomas C. Pearson, Daniel M. Hawley, Gammello, Qualley, Pearson & Mallak, PLLC, Baxter, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Rodenberg, Judge; and Chutich, Judge.

UNPUBLISHED OPINION

**KIRK**, Judge

Appellant challenges the district court's increase of respondent's parenting time. Because we conclude that the district court applied the proper standard and made sufficient findings, we affirm.

## FACTS

This case arises from the marriage dissolution of respondent-mother Christine Lynn Sypnieski and appellant-father Kevin Douglas Holtz, the parents of two minor children. Under a temporary order filed in October 2012, the district court granted mother supervised parenting time, including one four-hour period every other weekend and one two-hour period each Tuesday. On March 11, 2013, after a trial on custody and parenting time, the district court granted father permanent sole physical and sole legal custody of the children subject to mother's continued supervised parenting time until April 13, when it would move to a graduated, unsupervised schedule. On March 27, father moved that mother's supervised parenting time continue indefinitely. The district court retracted mother's graduated, unsupervised parenting time and reinstated a supervised parenting-time schedule.

In October 2014, mother moved for unsupervised parenting time. Following a motion hearing, the district court issued an order awarding mother the following ongoing, unsupervised parenting time under the "best-interests standard": (1) two hours every Wednesday, and every other weekend, initially from 3:00 p.m. on Friday until 6:00 p.m. on Saturday, and, beginning in April 2015, from 3:00 p.m. on Friday until 6:00 p.m. on

Sunday; (2) half of all holidays[1] and school vacation time, with the exception of summer vacation; and (3) two seven-day periods in the summer.

Father appeals, arguing that (1) the increase in mother's parenting time constitutes a restriction of his parenting time, requiring application of the endangerment standard rather than the best-interests standard, and (2) the district court erred in failing to analyze his loss of parenting time due to the increase in mother's parenting time.[2]

### D E C I S I O N

The district court has broad discretion in deciding parenting-time issues based on the best interests of the children and will not be reversed absent an abuse of discretion. *Olson v. Olson*, 534 N.W.2d 547, 550 (Minn. 1995). A district court abuses its discretion if its findings are unsupported by the record or if it misapplies the law. *Pikula v. Pikula*, 374 N.W.2d 705, 710 (Minn. 1985). "A district court's findings of fact underlying a parenting-time decision will be upheld unless they are clearly erroneous." *Dahl v. Dahl*, 765 N.W.2d 118, 123 (Minn. App. 2009) (citing *Griffin v. Van Griffin*, 267 N.W.2d 733, 735 (Minn. 1978)). But determining the legal standard applicable to a change in parenting time is a question of law and is subject to de novo review. *Anderson v. Archer*, 510 N.W.2d 1, 4 (Minn. App. 1993).

---

[1] The district court's order did not specify which holidays mother would parent the children.

[2] We note that, although the district court should have held an evidentiary hearing to remove the supervision requirement in this matter, father is not appealing that removal. *See In re Welfare of B.K.P.*, 662 N.W.2d 913, 915-17 (Minn. App. 2003) (remanding to district court for evidentiary hearing on issue of removal of supervised parenting-time restriction).

**I.    The district court properly applied the best-interests standard because the increase in mother's parenting time did not constitute a restriction of father's parenting time.**

Parenting-time issues are governed by Minn. Stat. § 518.175 (2014).  A district court "shall modify" an order granting or denying parenting time "[i]f modification would serve the best interests of the child" and "would not change the child's primary residence."  *Id.*, subd. 5(a).  However, the district court may not restrict parenting time unless it finds that

> (1) parenting time is likely to endanger the child's physical or emotional health or impair the child's emotional development; or
>
> (2) the parent has chronically and unreasonably failed to comply with court-ordered parenting time.

*Id.*, subd. 5(b).

A restriction of parenting time under Minn. Stat. § 518.175, subd. 5(b), constitutes a substantial alteration of visitation rights.  *See Anderson*, 510 N.W.2d at 4; *Lutzi v. Lutzi*, 485 N.W.2d 311, 315 (Minn. App. 1992).  A court order that lessens one parent's parenting time is not necessarily a "restriction" of parenting time.  *Danielson v. Danielson*, 393 N.W.2d 405, 407 (Minn. App. 1986).  To determine whether a reduction in parenting time constitutes a restriction or modification, the district court should consider the reasons for the change as well as the amount of the reduction.  *Anderson*, 510 N.W.2d at 4.  The intent of the statute is to allow a child to maintain a relationship with both parents.  *Clark v. Clark*, 346 N.W.2d 383, 385 (Minn. App. 1984), *review denied* (Minn. June 12, 1984).

4

This court has previously concluded that a restriction existed where there was a slow erosion of parenting time from 14 weeks per year to 5 1/2 weeks per year, without good reason. *Id.* at 385–86. In contrast, we have also concluded that a modification was insubstantial where it was caused by a move to a different state and where the parents were left with nearly equal parenting time after the change, excluding time when the children were sleeping or in school. *Anderson*, 510 N.W.2d at 5; *see also Danielson*, 393 N.W.2d at 406, 407 (following removal of children to Montana, change in visitation from every other weekend plus alternating holidays to summer visitation of two weeks in 1986, three weeks in 1987, and four weeks in 1988 plus visitation in Montana on reasonable notice and 24 hours visitation during children's visits to Montana governed by best-interests standard); *cf. Dahl*, 765 N.W.2d at 124 (modification from one week at Christmas and an extended summer break of undefined duration to a grant of three 11–hour days per month and one 11–hour day for Christmas was substantial and constituted a restriction of parenting time).

Here, in finding no restriction, the district court described the order as only "slightly" increasing mother's parenting time, and explained that the parties' circumstances have changed, in that mother "has demonstrated a correction of the problems which caused the [c]ourt to reduce her parenting time and to require that it be supervised."

If three hours is considered a half-day (since much of a child's typical week is spent sleeping or in school), mother had the children less than 10 percent of the time under the supervised parenting-time order. *See* Minn. Stat. § 518.175, subd. 1(g) (for

purposes of 25 percent parenting time presumption, allowing calculation of the percentage of parenting time using overnights or another method if the parent has significant time periods on separate days when the child is in the parent's physical custody but does not stay overnight). Using similar calculations, mother still has less than 25 percent of the time under the new order.

The context of the change is very significant in this case. For practical reasons, the length of most supervised parenting time is limited. Although the increase in mother's parenting time, and consequent decrease for father, is a sizable mathematical change, it does not amount to a restriction in this context because it provides mother with a relatively low amount of unsupervised parenting time, and father maintains the vast majority of the time with the children. *See Dahl*, 765 N.W.2d at 124 (holding that the rebuttable statutory presumption that a parent is entitled to receive at least 25 percent of the parenting time applies to motions for parenting-time modification). Therefore, the district court properly applied the best-interests standard to mother's motion.

## II. The district court made sufficient findings regarding father's loss of parenting time due to the increase in mother's parenting time.

Father argues that the district court erred by failing to calculate the amount of his reduction in parenting time or analyze the effect of the reduction on his relationship with the children. While caselaw requires consideration of the "amount of the reduction," nothing requires a finding of the specific percentage of time lost or total time lost. *See Anderson*, 510 N.W.2d at 4. The district court acknowledged the reduction in father's parenting time and described the increase in mother's time as "slight." It also found that

6

the increase in mother's time was in the best interests of the children, implicitly holding that the new schedule would enable a healthy relationship with both parents. Under the totality of the circumstances, it appears that the district court's findings were sufficient.

**Affirmed.**