*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0340**

Jessica Leah Weiss, petitioner,
Respondent,

vs.

Alfred Aaron Griffin,
Appellant.

**Filed October 24, 2016
Affirmed in part, reversed in part, and remanded
Peterson, Judge**

Hennepin County District Court
File No. 27-PA-FA-08-558

Katie M. Jarvi, Johnson & Turner Legal, Forest Lake, Minnesota (for respondent)

Damon L. Ward, Ward Law Group, Minneapolis, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Hooten, Judge; and Bratvold, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from an order modifying parenting time, appellant-father argues that the district court erred by (1) failing to properly consider the child's best interests and to apply the endangerment standard when modifying parenting time, (2) failing to dismiss respondent-mother's motion for lack of compliance with Minn. R. Gen. Pract. 303.02, and

(3) allocating the child's unreimbursed medical expenses between the parties. We affirm in part, reverse in part, and remand.

## FACTS

The parties are the parents of a child born in 2007. Appellant-father Alfred Aaron Griffin was adjudicated the child's father in a paternity proceeding, and both parties sought custody of the child. In March 2010, the district court entered an amended judgment and decree that awarded the parties temporary joint legal and temporary joint physical custody of the child.[1] The amended judgment and decree granted father parenting time, during week one, from Thursday evening until Friday evening and, during week two, from Thursday evening until Sunday evening, with the option to extend week-two parenting time until Monday morning once every three months. Both parties were granted vacation and holiday time. Other than some slight modifications made by the parties, this schedule remains in effect.

The amended judgment and decree also granted each party "two weeks of non-consecutive, uninterrupted parenting time" and stated that "[s]uch weeks shall be from 9:00 a.m. on Saturday to 9:00 a.m. on the following Saturday" and "shall not interfere with holiday or birthday parenting time awarded to [the other party] herein." Father was prohibited from adding his uninterrupted parenting time "to regular 'week two' parenting time in order to extend the period beyond 9:00 a.m. on Saturday."

---

[1] The judgment and decree was amended due to a clerical mistake.

The parties have a contentious relationship and are unable to effectively coparent or communicate with each other. In November 2013, with the parties' agreement, a parenting-time expeditor (PTE) was appointed to resolve parenting-time disputes and address ambiguities in and violations of the parenting-time order. The order appointing the PTE permits either party to move the district court to modify, vacate, or enforce a decision of the PTE. The order requires each party to pay one-half of the PTE's fees. In September 2014, the PTE suspended her services because father was behind in paying his share of her fees.

In October 2015, respondent-mother Jessica Leah Weiss brought a motion in the district court seeking an order (1) prohibiting either party from attaching vacation time to holiday time in order to extend uninterrupted parenting time beyond seven days, (2) granting mother compensatory parenting time, (3) requiring father to pay all outstanding uninsured and unreimbursed medical and dental expenses incurred by mother on the child's behalf, (4) requiring father to become current on the fees he owed to the PTE, and (5) awarding mother attorney fees incurred in pursuing this motion.

The district court entered an order prohibiting both parties from exercising their nonconsecutive, uninterrupted parenting time either immediately before or immediately after holiday parenting time and stating that a violation of the prohibition would result in that party losing one week of uninterrupted parenting time. The court denied mother compensatory parenting time. The court ordered father to provide mother with an insurance card for the child and to reimburse mother for all uninsured and unreimbursed medical expenses incurred on behalf of the child as of the order date. The court made each

3

party responsible for 50% of future unreimbursed and uninsured medical expenses. The court directed father to pay the fees that he owed to the PTE and awarded mother $1,150 in attorney fees.

Father appealed. This court dismissed the part of this appeal challenging the award of attorney fees to mother due to father's failure to file a copy of the judgment for attorney fees in this court and denied father's motion to reconsider that decision.

# DECISION

## I.

Father argues that the district court erred by failing to properly consider the child's best interests and failing to apply the endangerment standard in modifying parenting time to prohibit the parties from exercising their nonconsecutive, uninterrupted parenting time either immediately before or immediately after holiday parenting time. *See* Minn. Stat. § 257.541 (2014) (governing custody of and parenting time with children born out of wedlock). "The district court has broad discretion in determining parenting-time issues and will not be reversed absent an abuse of that discretion." *Dahl v. Dahl,* 765 N.W.2d 118, 123 (Minn. App. 2009). If modification would serve the child's best interests, "the court shall modify . . . an order granting or denying parenting time, if the modification would not change the child's primary residence." Minn. Stat. 518.175, subd. 5(a) (2014); *see also Hagen v. Schirmers,* 783 N.W.2d 212, 216 (Minn. App. 2010) (stating that ultimate concern in parenting-time dispute is child's best interests).

*Best Interests*

Father argues that the district court failed to make specific findings demonstrating its evaluation of the "best interests" factors listed in Minn. Stat. § 518.17, subd. 1(a) (Supp. 2015). *See* Minn. Stat. § 257.025(a) (Supp. 2015) (stating that "[i]n any custody or parenting time proceeding involving unmarried parents, the court shall consider and evaluate all relevant factors in section 518.17, subdivision 1, to determine the best interests of the child"). For two reasons, we disagree.

First, because Minn. Stat. § 257.025(a) requires that the district court address a child's best interests by "consider[ing] and evaluat[ing] all *relevant* factors in section 518.17, subdivision 1," (emphasis added), it requires neither that the district court "consider and evaluate[,]" nor make findings on, *all* of the factors in Minn. Stat. § 518.17, subd. 1. This is consistent with the fact that, generally, modification of parenting time is governed by Minn. Stat. § 518.175, subd. 5(a), which does not require the district court to make findings on all of the best-interests factors in Minn. Stat. § 518.17, subd. 1(a). *Newstrand v. Arend,* 869 N.W.2d 681, 691 (Minn. App. 2015) (making this observation regarding the 2014 versions of Minn. Stat. § 518.17, subd. 1, and Minn. Stat. § 518.175, subd. 5), *review denied* (Minn. Dec. 15, 2015). Thus, a lack of findings on all of the statutory best-interests factors is not necessarily fatal to the district court's decision.

Second, to permit effective appellate review, the district court must make sufficiently detailed findings to show its consideration of all relevant factors. *See Stich v. Stich,* 435 N.W.2d 52, 53 (Minn. 1989) (stating, in a dispute over an award of spousal maintenance, that "[e]ffective appellate review of the [district court's] discretion is possible

5

only when the [district] court has issued sufficiently detailed findings of fact to demonstrate its consideration of [all relevant factors]"). Here, the district court did so by addressing the parties' inability to cooperate. *See* Minn. Stat. § 518.17, subd. 1(a)(12) (addressing parents' willingness and ability to cooperate in rearing child). The district court found:

> [Mother] alleges that [father] has repeatedly, and without prior notice, exercised his "floating" uninterrupted parenting time in conjunction with his holiday parenting time, effectively extending his parenting time with the child beyond the allotted 7-day period. She asks the Court to order that neither parent be allowed to "wraparound" their floating parenting time in this manner. [Father's] attorney argued that [mother] has also unilaterally extended her holiday parenting time by utilizing a wraparound. This conflict has to end. Neither parent should be allowed to exercise their additional floating parenting time in this manner in light of the profound distrust and animosity that exists.

Each party submitted an affidavit showing that attempts by the other party to extend parenting time beyond the time periods specified in the amended judgment and decree have added to the conflict between the parties. The affidavits support the district court's finding that attempts by the parties to combine a week of uninterrupted parenting time with holiday parenting time added to the acrimony between the parties. Further, father has not identified any other best-interests factor(s) as relevant to the district court's assessment of the child's best interests, and has not specifically identified any prejudice arising from a failure by the district court to "consider and evaluate" a best-interests factor omitted from its analysis. *See Loth v. Loth*, 227 Minn. 387, 392, 35 N.W.2d 542, 546 (1949) (stating that "on appeal error is never presumed. It must be made to appear affirmatively before there can be reversal . . . [and] the burden of showing error rests upon the one who relies upon it"

6

(quoting *Waters v. Fiebelkorn*, 216 Minn. 489, 495, 13 N.W.2d 461, 464-65 (1944));

*Luthen v. Luthen*, 596 N.W.2d 278, 283 (Minn.App.1999) (applying this aspect of *Loth*).

Thus, father has shown neither that the district court's findings are inadequate nor that any

inadequacy in those findings prejudiced him. As a result, relief from this court for the

district court's alleged failure to adequately "consider and evaluate" the "relevant" best-

interests factors is not required here.

*Endangerment Standard*

"[T]he court may not restrict parenting time unless it finds that: (1) parenting time

is likely to endanger the child's physical or emotional health or impair the child's emotional

development; or (2) the parent has chronically and unreasonably failed to comply with

court-ordered parenting time." Minn. Stat. § 518.175, subd. 5(b) (2014).

Father argues that the district court's findings, as well as the affidavit submitted by

mother, were insufficient to support a restriction of his parenting time.

> If a change in parenting time constitutes a restriction of
> parenting time, as opposed to a modification, then particular
> findings are required. Minn. Stat. § 518.175, subd. 5 (allowing
> modification when it is in a child's best interests but requiring
> particular findings for a restriction). To answer that question,
> we must first identify the order that establishes the baseline
> parenting-time schedule and then determine whether the
> district court's parenting-time change from the baseline
> parenting-time schedule is significant enough to constitute a
> restriction.
>
> . . . Determining the legal standard applicable to a
> change in parenting time is a question of law and is subject to
> de novo review. . . . A restriction occurs when a change to
> parenting time is substantial. Modifications are less substantial
> changes in parenting time.

7

*Dahl*, 765 N.W.2d at 123-24 (quotations and citation omitted).

To determine whether a parenting-time change constitutes a restriction or a modification, this court considers the reasons for the change as well as the amount of any reduction. *Id.* at 124; *see also Anderson v. Archer*, 510 N.W.2d 1, 5 (Minn. App. 1993) (concluding that a change in parenting time was insubstantial when it was caused by a move to a different state and the parties were left with nearly equal parenting time after the change); *Clark v. Clark*, 346 N.W.2d 383, 385-86 (Minn. App. 1984) (concluding that a gradual erosion of parenting time from 14 weeks per year to five and one-half weeks per year was a substantial change), *review denied* (Minn. June 12, 1984).

The district court prohibited the parties from combining a week of uninterrupted parenting time with holiday parenting time in order to reduce the conflict between the parties. Both parties' conduct led to the prohibition, and there was no reduction in the amount of father's parenting time. The only change was to prohibit the parties from adding an uninterrupted week of parenting time to holiday parenting time, and the amended judgment and decree already prohibited father from adding an uninterrupted week of parenting time to week-two parenting time. This prohibition does not alter the amount of time that each party can spend with the child. Under these circumstances, we conclude that the change did not constitute a restriction. Because there was no restriction, the district court was not required to make findings supporting a restriction, and because the findings show that the district court otherwise properly considered the child's best interests, we affirm the prohibition against the parties exercising their nonconsecutive, uninterrupted parenting time either immediately before or immediately after holiday parenting time.

8

Father also addresses the requirements for a custody modification. Because the prohibition did not reduce the amount of father's parenting time, there is no basis for treating it as a custody modification.

## II.

Father argues that the district court should have dismissed mother's motion because she did not provide a Parenting/Financial Disclosure Statement form.

> When temporary financial relief such as child support, maintenance, payment of debt and attorney's fees is requested, the Parenting/Financial Disclosure Statement form developed by the state court administrator shall be served and filed by the moving and responding parties, along with their motions and affidavits. Sanctions for failure to comply include, but are not limited to, striking of pleadings or hearing.

Minn. Gen. R. Pract. 303.02(b). Because father has not shown any prejudice resulting from mother's failure to provide the form, any error by the district court in denying father's request to sanction mother for failing to provide the form is not a basis for reversal. *See* Minn. R. Civ. P. 61 (requiring court to disregard harmless error); *Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 309 Minn. 352, 356, 237 N.W.2d 76, 78 (1975) (stating that appellant must show both error and prejudice to obtain reversal).

## III.

Father argues that the district court erred in allocating the child's uninsured and unreimbursed medical costs between the parties. The amended judgment and decree does not address the allocation of the child's uninsured and unreimbursed medical costs.

9

The district court found:

> It is customary for parties to equally share uninsured and unreimbursed expenses on behalf of their minor children. Both parties have presented arguments as to what to do with the child's current uninsured and unreimbursed medical expenses, in essence asking the Court to rule on this issue. Given that their Decree is silent on this issue, to avoid future disputes going forward, the Court will also decide what the parties should do with these expenses going forward.

Mother paid $1,500 in unreimbursed medical costs. The district court treated the allocation of uninsured and unreimbursed medical expenses as a modification of support and ordered father to pay her "the total amount she is owed" and ordered that the parties would each be responsible for 50% of future unreimbursed medical expenses.

The medical-support section of the child-support statute provides:

> Unless otherwise agreed to by the parties and approved by the court, the court must order that the cost of health care coverage and all unreimbursed and uninsured medical expenses under the health plan be divided between the obligor and obligee based on their proportionate share of the parties' combined monthly PICS.

Minn. Stat. § 518A.41, subd. 5 (2014);[2] *see* Minn. Stat. § 257.66, subd. 3 (2014) (providing for child-support matters to be determined according to chapter 518A). Child-support matters are committed to the district court's discretion, which "must be exercised within the limits set by the legislature." *Putz v. Putz*, 645 N.W.2d 343, 347 (Minn. 2002). "'Must' is mandatory." Minn. Stat. § 645.44, subd. 15a (2014). Because the parties did not agree to equally divide unreimbursed and uninsured medical expenses, we reverse the district

---

[2] This statutory provision was in effect when the amended judgment and decree was entered on March 4, 2010.

10

court's allocation of unreimbursed and uninsured medical expenses and remand for the court to allocate those expenses according to the mandatory requirements of Minn. Stat. § 518A.41, subd. 5. *See* Minn. R. Civ. App. P. 103.04 (appellate court may review any matter "as the interest of justice may require"); *Haefele v. Haefele*, 837 N.W.2d 703, 712 n.6 (Minn. 2013) (stating that mandatory language in child-support statute imposed an "independent obligation on the [district] court" to correctly apply the relevant statute, despite a party's failure to seek that specific relief); *State v. Hannuksela*, 452 N.W.2d 668, 673 n.7 (Minn. 1990) ("[It] is the responsibility of appellate courts to decide cases in accordance with law, and that responsibility is not to be diluted by counsel's oversights, lack of research, failure to specify issues or to cite relevant authorities") (quotation omitted)); *Greenbush State Bank v. Stephens*, 463 N.W.2d 303, 306 n.1 (Minn. App. 1990) (applying *Hannuksela* in a civil case), *review denied* (Minn. Feb. 4, 1991).

In a footnote, father asserts that mother lacked standing to request the fees owed to the PTE by father. Because this claim of error is not supported by argument or authority, it is not properly before this court. *State by Humphrey v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997).

**Affirmed in part, reversed in part, and remanded.**