*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0492**

County of Washington,
Respondent,

Danielle Kathryn Richardson,
Respondent,

vs.

Brandon Christopher Fischer,
Appellant.

**Filed January 23, 2017
Affirmed
Jesson, Judge**

Washington County District Court
File No. 82-FA-10-1626

Pete Orput, Washington County Attorney, Nicholas Hydukovich, Assistant County Attorney, Stillwater, Minnesota (for respondent county)

Barry L. Wittenkeller, Grannis & Hauge, P.A., Eagan, Minnesota (for respondent-mother)

Brandon Christopher Fischer, St. Paul Park, Minnesota (pro se appellant-father)

Considered and decided by Schellhas, Presiding Judge; Ross, Judge; and Jesson, Judge.

UNPUBLISHED OPINION

**JESSON**, Judge

Appellant Brandon Christopher Fischer appeals the district court's denial of his motion to modify his parenting time with his daughter, arguing that the district court abused its discretion by making a ruling based upon incomplete information in the record. Because the district court did not abuse its discretion, we affirm.

**FACTS**

Fischer and respondent Danielle Richardson have a seven-year-old daughter in common, K.L.R. Fischer and Richardson share joint legal custody of the child, but Richardson has sole physical custody. The parties were never married. In 2010, the district court awarded Fischer a gradually increasing parenting-time schedule. In 2013, the district court modified Fischer's parenting time: alternating weekends from Friday 6 p.m. to Monday 9 a.m.; Thursday 9 a.m. to Friday 9 a.m. following the alternate weekends; and every Wednesday 6 p.m. to Thursday 9 a.m.

In December 2015, Fischer moved the district court to modify his parenting time. He proposed to change the midweek schedule to include every Wednesday 6 p.m. to Friday 9 a.m. He explained that the modification would provide the child a consistent schedule and reduce the number of exchanges between the parents during the week. His proposal would have allowed him to spend 50% of the time with the child.

In response, Richardson moved to reduce Fischer's parenting time. Her proposed schedule would eliminate Thursday overnights and require that weekends conclude at 7 p.m. on Sundays. She argued that Fischer had been unable to take the child to school on

Mondays and Fridays because of his conflicting work schedule. As a result, Richardson had been required to take the child to school instead. In her affidavit, Richardson presented the district court with a calendar, showing days from October through December 2015 when she took the child to school.

At a hearing in January 2016, Fischer argued that Richardson had agreed to take the child to school in his place. Richardson disagreed. The district court accepted Richardson's allegation as true and granted Richardson's motion and denied Fischer's motion to modify parenting time. The existing schedule consists of: alternating weekends from Friday 6 p.m. to Sunday 7 p.m. or when school begins if it begins before 9 a.m.; Wednesdays 3 p.m. to Thursday 9 a.m.; and Thursdays 3 p.m. to 7 p.m. Fischer appeals.

## DECISION

Fischer argues that the district court abused its discretion because its findings of fact are not based upon all the facts in the matter. To support his argument, Fischer provides this court with evidence (his current claimed work schedule) that was not presented to the district court. While his parenting-time proposal, based on his claimed work schedule, may have provided a reasonable schedule for the child, we may not base our decision on evidence outside of the record on appeal.[1] Thus, we conclude that the district court did not

---

[1] *See* Minn. R. Civ. App. P. 110.01 (defining the record on appeal to include only documents filed in the district court, exhibits, and transcripts); *Thiele v. Stich*, 425 N.W.2d 580, 582-83 (Minn. 1988) (explaining that an appellate court may generally not consider matters not produced and received in evidence below); *Fabio v. Bellomo*, 489 N.W.2d 241, 246 (Minn. App. 1992) (requiring appellate courts to strike documents from a party's brief if they are not part of the record), *aff'd*, 504 N.W.2d 758 (Minn. 1993).

abuse its discretion because, on the record presented to it, its findings of fact are not clearly erroneous.

The district court has broad discretion in deciding parenting-time questions based on the best interests of the child and will not be reversed absent an abuse of discretion. *Olson v. Olson*, 534 N.W.2d 547, 550 (Minn. 1995). A district court abuses its discretion if it erroneously applies the law or its findings are not supported by the record. *Dahl v. Dahl*, 765 N.W.2d 118, 123 (Minn. App. 2009). Findings of fact will be upheld unless they are clearly erroneous. *Id.* We defer to the district court on credibility determinations. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988).

The record supports the district court's finding that Fischer was unable to accommodate the schooling needs of the child in the mornings, requiring Richardson to step in and care for the child during that time. Because the district court credited Richardson's version of the facts in this regard, we defer to that determination. *See id.*

Further, the district court emphasized that because the child was school aged, unnecessary transitions of the child in the mornings were not in her best interests. By eliminating the need for these transitions as proposed by Richardson, the district court found that the child's interests would be better served while still providing Fischer with parenting time "sufficient to continue to grow his relationship with the child." Applying this logic, the district court found that six of twelve best-interests factors favored Richardson's proposed schedule, with the other six factors remaining neutral. *See Newstrand v. Arend*, 869 N.W.2d 681, 691 (Minn. App. 2015) (explaining that a district

4

court is not required to make express best-interests findings when modifying parenting time), *review denied* (Minn. Dec. 15, 2015).

While Fischer maintains that his work schedule presently allows him to take the child to school, there was no evidence in the district court record to support this. On this record we discern no clear error in the district court's findings of fact when it denied Fischer's motion to increase parenting time.

**Affirmed.**

5