*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0095**

In re the Custody of: J. J. O.
Thomas Joshua Andrus, petitioner,
Respondent,

vs.

Jennifer Jo Overson,
Appellant.

**Filed January 11, 2016
Affirmed in part and remanded
Klaphake, Judge***

Pine County District Court
File No. 58-FA-08-225

Thomas J. Andrus, Eagan, Minnesota (pro se respondent)

Mary A. Pfeifer, Appelhof, Pfeifer & Hart, P.A., Oakdale, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Reyes, Judge; and Klaphake, Judge.

# UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Jennifer Jo Overson challenges the order denying her motion to modify parenting time, arguing that the district court (1) misinterpreted the "right of first refusal"

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

for parenting time contained in the parenting-time schedule and (2) erred in not addressing the child's best interests in deciding whether to modify parenting time. We affirm the district court's interpretation of the right-of-first-refusal provision but remand for findings on the child's best interests.

## DECISION

In February 2012, the district court issued an order awarding the parties joint legal and joint physical custody of their child and incorporating the parties' stipulated parenting-time schedule, which granted each parent parenting time of their child for alternating one-week periods. At that time, appellant, Jennifer Jo Overson, resided in Pine City, where the child attends school, and respondent, Thomas Joshua Andrus, resided in nearby Rush City with his mother. In July 2014, respondent moved from Rush City to Eagan, a distance of 72 miles. After respondent's relocation, paternal grandmother cared for the child during the school week when respondent had parenting time, and respondent cared for the child on weekends.

In September 2014, appellant moved to modify respondent's parenting time from every other week to every other weekend. Appellant argued that parenting time should be modified based on the child's best interests because respondent "has failed to exercise his parenting time 5 out of every 7 days since his move to Eagan in June 2014 and has left the minor child with a third party during these times." Appellant also argued that respondent's conduct violated the parenting schedule's right-of-first-refusal provision. Following an evidentiary hearing, the district court denied appellant's motion.

2

*Right of first refusal*

The right-of-first-refusal provision of the parenting-time schedule states:

> If either parent is unable to be present to care for the child during his or her week, that parent shall offer to the other party the right of first refusal to provide the child's care. However, this is not meant to include the time the child is cared for by persons other than the parties because of either parent's employment or educational commitments.

The district court rejected appellant's argument that respondent violated the right of first refusal, stating:

> The Court does not find [appellant's] assertion to be correct. First, the care given to the child by his paternal grandmother is exactly what was contemplated by the February 2012 order when saying: "*However, this is not meant to include the time the child is cared for by persons other than the parties because of either parent's employment or educational commitments.*" This care is analogous to the care provided in other cases when care is provided by a step-parent whose spouse has employment requiring absence during the work week such as being an over-the-road truck driver. Secondly, it is disingenuous to not recognize that [respondent's] mother, the child's paternal grandmother, with whom the child has resided since infancy, has not previously provided care of the child for extended periods.

Although the clause stating the exception to the right of first refusal could have been more precisely worded, the district court is in the best position to interpret its own order. *See LaChapelle v. Mitten,* 607 N.W.2d 151, 162 (Minn. App. 2000) ("We defer to a district court's interpretation of its own order."), *review denied* (Minn. May 16, 2000). In light of the unrestricted language of the exception and the fact that respondent relocated to Eagan for better employment with a higher income, we cannot conclude that the district court erred in determining that respondent did not violate the right of first refusal.

3

*Child's best interests*

> If modification would serve the best interests of the child, the court shall modify . . . an order granting or denying parenting time, if the modification would not change the child's primary residence. Appellate courts recognize that a district court has broad discretion to decide parenting-time questions, and will not reverse a parenting-time decision unless the district court abused its discretion by misapplying the law or by relying on findings of fact that are not supported by the record.

*Suleski v. Rupe*, 855 N.W.2d 330, 334 (Minn. App. 2014).

To permit effective appellate review, the district court must make sufficiently detailed findings to show its consideration of relevant factors. *See Stich v. Stich,* 435 N.W.2d 52, 53 (Minn. 1989) (stating, in a dispute over an award of spousal maintenance, that "[e]ffective appellate review of the [district court's] discretion is possible only when the [district] court has issued sufficiently detailed findings of fact to demonstrate its consideration of [all relevant factors]"); *Wallin v. Wallin,* 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971) (stating that, given the district court's broad discretion in family cases, it is particularly important that the basis for its decision be set forth with a high degree of particularity).

Contrary to appellant's assertion, the statute governing parenting-time modification does not require the district court to make findings on the best-interests factors that are contained in Minn. Stat. § 518.17, subd. 1(a) (2014), because those factors address custody rather than parenting time. *Newstrand v. Arend*, 869 N.W.2d 681, 691 (Minn. App. 2015) (citing Minn. Stat. § 518.175, subd. 5(a) (2014)), *review denied* (Minn. Dec. 15, 2015). But the language of Minn. Stat. § 518.17, subd. 5(a), the statute governing parenting-time

4

modification, requires consideration of the child's best interests. *See also Newstrand*, 869 N.W.2d at 691 (noting, in case involving restriction of parenting time, that district court made numerous findings relevant to child's best interests). Because this district court made no findings addressing the child's best interests, we are unable to determine whether the district court properly exercised its discretion in denying appellant's motion. We, therefore, remand for the district court to make additional findings explaining its decision. The district court, at its discretion, may reopen the record for additional evidence on remand. Because we are remanding, we do not reach the issues raised by appellant regarding primary residence and restriction. *See Suleski*, 855 N.W.2d at 334-37 (addressing definitions of primary residence and restriction and requirements for change of primary residence or restriction of parenting time).

**Affirmed in part and remanded.**